Malcolm **GARDNER**, Appellant,

v.

Robin **HARRIS**, M.D., Appellee.

No. 24485.

United States Court of Appeals
Fifth Circuit.

March 26, 1968.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, A. Donald Miler, Attys., Dept. of Justice, Washington, D. C., for appellant.

No appearance for appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and WRIGHT,* Circuit Judges.

JOHN R. BROWN, Chief Judge:

 Blackstone said that the concept "that the king can do no wrong is a necessary and fundamental principle of the English constitution." [1] Now in the 20th Century and in at least a part of the world long made safe for democracy the law persists in the view that seems to say that Blackstone is still right. And not even equity—the King's conscience— can help.[2] As a result we must hold

---

* Circuit Judge of the D.C. Circuit, sitting by designation.

[1.] III Blackstone, Commentaries on the Laws of England (1765).

[2.] The protagonists in such a struggle are seldom equal. Here the successful plaintiff, now cast in the role of a soon-to-be unsuccessful appellee, advised this Court that he could not afford to retain counsel on the appeal.

in this case that a private citizen, deprived of his property right of access to the historic Natchez Trace because of barricades erected by the Federal Superintendent of that highway project, has no remedy in equity for their removal, since to permit the suit would be to allow the citizen to sue the federal government without its consent, thereby breaching the wall of sovereign immunity.[3] Thus plaintiff's remedy,[4] confined to one at law, is not available in this suit for equitable relief only and this action against the Superintendent must be dismissed.[5]

The facts of this case are simple and may be severely capsulated. Plaintiff brought this suit against defendant, Superintendent of the Natchez Trace Parkway, to abate a nuisance caused when the Superintendent erected barricades across an easement[6] owned by plaintiff which afforded him ingress to and egress from the Natchez Trace. Plaintiff claims that as a result of this action by the Superintendent he has been deprived of property for which the United States has shown no need, causing plaintiff irreparable damage for which only equity can provide a proper remedy.

The United States Government, on behalf of Superintendent Gardner, erecting a defense as formidable as the obstruction to the right-of-way, raised the barricade of sovereign immunity. The Trial Judge, after hearing evidence, found, as was stipulated, that the Superintendent had indeed obstructed the easement and by such interference with a property right owned by plaintiff the Superintendent had exceeded his statutory authority and was thus amenable as an individual to injunctive relief. We cannot agree.

No matter how much one might deplore on either legal or ethical grounds the absence of any relief save a Fifth Amendment claim for just compensation for a taking asserted to be generally in excess of the governmental agent's authority, an extended discussion of the law of sovereign immunity at this late date would be fruitless. For the law has been concisely and recently stated in Dugan v. Rank, note 3 supra:

"[T]he general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' * *

---

**3.** With so much done, e. g., Suits in Admiralty Act, 46 U.S.C.A. § 742; Public Vessels Act, 46 U.S.C.A. § 782; Federal Tort Claims Act, 28 U.S.C.A. § 1346; and more recently in 28 U.S.C.A. §§ 1361, 1391(e), to give the citizen access to a home-based Federal Court, frequently in cases that involve millions of dollars or which affect comprehensive governmental programs, the persistence with which the Government successfully asserts immunity as to property claims gives rise to several reactions. Not only does the result appear unusual to many, but the fact that Congress does not ameliorate these hardships appears even more unusual. The immunity is, however, very much alive. See Dugan v. Rank, 1963, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15; Malone v. Bowdoin, 1962, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed. 2d 168; Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628.

**4.** Robin Harris, the landowner and plaintiff below.

**5.** If the dollar amount involved here exceeds the $10,000.00 limit of the Tucker Act, 28 U.S.C.A. § 1346(a) (2), then the proper court in a suit for just compensation would be the Court of Claims. Within the Tucker Act dollar limits the Court of Claims and the Federal District Court have concurrent jurisdiction.

**6.** Dr. Harris' predecessor in title, Gallagher, in selling in fee the land for the Parkway to the State of Mississippi expressly reserved an ingress-egress right-of-way to be designated by the grantee or its assigns subject to exercise and maintenance under regulations of the grantee. The conveyance by the State to the Federal Government was expressly subject to this easement. Under a special use permit for a limited term of ten years it was fixed at a location other than that formally indicated by the Department of the Interior. This easement was barricaded. Thus there is at least a substantial basis for a conclusion that plaintiff has a "property" right binding on the Government as assignee.

or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' "

372 U.S. at 620, 83 S.Ct. at 1006, 10 L.Ed.2d at 23. The only two recognized exceptions to the general rule are "(1) action by officers beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." 372 U.S. at 621–622, 83 S.Ct. at 1007, 10 L.Ed.2d at 24.[7]

The tests for ascertaining whether this suit comes initially within the general rule are clearly met here. Undoubtedly if a Federal Court were to order the Superintendent to remove the barricades, this would be compelling the Government to act. Likewise it would be interfering with public administration since it would have an immediate physical bearing upon the governmental judgment on such matters as the number, type, and location of access ways from the standpoint of safety, traffic flow, and the like. Thus plaintiff must, if he is to prevail, bring himself within one of the exceptions to the general rule. Since plaintiff does not challenge the constitutionality of the statute under which the Superintendent acted nor the constitutionality of the manner in which he exercised his authority,[8] plaintiff must show that the Superintendent acted beyond his statutory powers.

Under 16 U.S.C.A. § 460, the Superintendent was charged with the responsibility, as an agent of the Secretary of the Interior, of administering and maintaining the Natchez Trace. No limits on this authority are cited to us, either by the Government or by the Court below,[9] as long as it is reasonably connected with the administration of the Trace. Merely because the Superintendent may have been acting wrongfully in interfering with plaintiff's access to the highway, either as a matter of violation of property rights under the deeds or as a tort under principles of general law, does not amount to circumstances fulfilling the exception that the officer must be acting beyond his statutory powers.[10]

We thus agree with the decision in Switzerland Co. v. Udall, 4 Cir., 1964, 337 F.2d 56 which considered and rejected the exact contentions made here by the plaintiff. The facts of that case, which dealt with the Blue Ridge Parkway, are a singular parallel. The Court there held that even "if the defendants have committed a wrong in the exercise of their delegated authority, if their administration of the land had deprived others of the enjoyment of their legal rights, a departure from the delegated authority is not shown." Since this was true the case was "in substance, an action against the United States * * * [which] cannot be maintained because of the sovereign immunity of the United States," 337 F.2d at 61–62.

Since the United States has not consented to this suit the action seeking equitable relief must be dismissed.[11] Both barricades remain.

Reversed.

---

7. Accord, Malone v. Bowdoin, supra, 369 U.S. at 647, 82 S.Ct. at 983, 8 L.Ed.2d at 171.

8. Since plaintiff has a remedy for compensation if his property has indeed been taken, the taking—even if in violation of his property rights and his contractual rights with the Government as assignee under the conveyances—does not become an unconstitutional one in violation of the Fifth Amendment. See Malone v. Bowdoin, supra. Cf. United States v. Causby, 1946, 328 U.S. 256, 267, 66 S.Ct. 1062, 1068, 90 L.Ed. 1206, 1213.

9. Cf. Malone v. Bowdoin, supra. Nor has independent research by the Court revealed any. Plaintiff has not filed a brief (see note 2 supra).

10. Dugan v. Rank, note 3 supra; Larson v. Domestic & Foreign Commerce Corp., note 3 supra; accord, Cotter Corp. v. Seaborg, 10 Cir., 1966, 370 F.2d 686, 687; Ward v. Humble Oil & Ref. Co., 5 Cir., 1963, 321 F.2d 775.

11. This does not preclude a timely action in the proper forum for just compensation, see note 5 supra.