**UNITED STATES of America,
Plaintiff,**

v.

**Warren G. CARTER, Defendant.**

**Civ. No. 69–545 Pct.**

United States District Court,
D. Arizona.

March 10, 1972.

Richard K. Burke, U. S. Atty., D. Ariz., Richard S. Allemann, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

Frank W. Beer, Beer & Kalyna, Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

This is an action by the United States of America for injunctive relief prohibiting the defendant Carter from engaging in or soliciting business within Glen Canyon National Recreation Area, in violation of 36 C.F.R. § 5.3. By stipulation of counsel the matter has been submitted to the Court without oral argument on the pleadings, stipulated facts with exhibits attached (the references hereinafter to specific exhibits relate to the exhibits attached to the stipulation of facts), and memoranda of law. Cross motions for summary judgment have been filed.

Glen Canyon Dam was constructed pursuant to the Colorado River Storage Project Act of April 11, 1956. 43 U.S.C. § 620 (1956). Glen Canyon Dam impounds Lake Powell.

The town of Page, Arizona, is approximately eight miles from Lake Powell and is not included within the land set aside for the Glen Canyon National Recreation Area. The Wahweap Landing is the only designated launching site within the Glen Canyon National Recreation Area available to the public for a distance of over fifty miles from the Glen Canyon Dam.

Defendant rents boats at his business location within the town of Page. The rental of all boats includes the service of launching at the Wahweap Landing. In addition, Carter provides a guide service for the public on fishing and sightseeing trips on Lake Powell within

the Glen Canyon National Recreation Area.

The Secretary of the Interior [hereinafter Secretary] has jurisdiction over the Glen Canyon National Recreation Area for recreational purposes by virtue of 16 U.S.C. §§ 1, 2 (1916) and 43 U.S.C. § 620g (1956). The Secretary is given the power to publish regulations for the administration of park areas. 16 U.S.C. § 3 (1916). Both the land and water area of Glen Canyon National Recreation Area are part of the "national park system" [16 U.S.C. § 1c(a) (Supp.1970), amending 16 U.S.C. § 1c (1916)], and are administered and maintained by the National Park Service pursuant to an agreement with the Bureau of Reclamation of September 24, 1965, which was approved by the Secretary. Exhibit A. 16 U.S.C. § 17j–2(b) (1946) permits such agreements.

Pursuant to 16 U.S.C. § 3 (1916),[1] the Secretary of the Interior promulgated § 5.3 of Title 36 of the Code of Federal Regulations.[2] It is as follows:

> "Engaging in or soliciting any business in park areas, except in accordance with the provisions of a permit, contract, or other written agreement with the United States, except as such may be specifically authorized under special regulations applicable to a park area, is prohibited." [3]

On the basis of this regulation the Government requests all of the defendant's activities relating to his business operations within the park area be enjoined, including his service of launching rented boats from the Wahweap Landing and his service of providing boats and guides for fishing and sightseeing trips on Lake Powell.

Canyon Tours, Incorporated, is a concessioner under contract with the United States to construct and operate facilities and provide services for the accommodation and use of the public at the Wahweap (and Rainbow Bridge) Landing. All of these facilities are located on the Lake Powell shoreline and are within the Glen Canyon National Recreation Area. Exhibit F.

3. The regulations are made applicable to the recreation area by 36 C.F.R. §§ 1.1, 1.2(i).

In October of 1968, the defendant was advised by the National Park Service personnel that business operations could only be conducted within the boundaries of the recreation area with permission of the United States. On November 25, 1968, defendant requested a permit from the superintendent of the recreation area which would allow him to continue to provide his services to people who used Lake Powell. Exhibit D. The superintendent advised the defendant that such a permit would not be issued since the concessioners in the recreation area were reasonably supplying this type of service and the issuance of such a permit would "constitute a hazard to the [present] concessioners", Canyon Tours, Inc. Exhibit E.

The issues presented to the Court for decision are: (1) Was it the intent of Congress that the Secretary of the Interior and his agents regulate all business activities within the park in relation to recreational uses, including those which

1. The pertinent part of 16 U.S.C. § 3 is as follows:
   "The Secretary of the Interior shall make and publish such rules and regulations as he may deem necessary or proper for the use and management of the parks, monuments, and reservations under the jurisdiction of the National Park Service, and any violation of any of the rules and regulations authorized by this section . . . shall be punished by a fine of not more than $500 or imprisonment for not exceeding six months or both . . . ."

2. Another applicable regulation is 36 C.F.R. § 3.14(d), which reads:
   "No privately owned vessel shall be used to carry passengers for hire, or be used in any other commercial operation, unless written authorization has been granted in accordance with § 5.3 of this chapter, except as provided by special regulations for areas having navigable waters."

3. The regulations are made applicable to the recreation area by 36 C.F.R. §§ 1.1, 1.2(i).

may involve interstate commerce on navigable waterways; (2) Does the business operation of the defendant constitute engaging in or soliciting business in a park area within the meaning of 36 C.F.R. § 5.3; (3) Do defendant's activities fall within an exception enumerated in 36 C.F.R. § 5.3; and (4) Was the denial of defendant's application for a permit by the superintendent of the Glen Canyon National Recreation Area arbitrary?

■ It is important to note that in order for the defendant to perform any of the varieties of service he makes available to the public, he must always carry his boats over government-owned recreation area land to the Wahweap launching site at the edge of Lake Powell. Defendant does not dispute the Secretary's right to regulate or exclude business uses on the land areas within the recreation area. Universal Interpretive Shuttle Corporation v. Washington Metropolitan Area Transit Commission, 393 U.S. 186, 89 S.Ct. 354, 21 L.Ed.2d 334 (1968); Udall v. Washington, Virginia & Maryland Coach Co., 130 U.S. App.D.C. 171, 398 F.2d 765 (1968), cert. denied Washington Metropolitan Area Transit Comm. v. United States, 393 U.S. 1017, 89 S.Ct. 620, 21 L.Ed.2d 561; Robbins v. United States, 284 F. 39 (8th Cir. 1922); Arthur v. Fry, 300 F.Supp. 622 (D.C.Tenn.1969). The Court agrees with the Government's argument that the fact defendant must enter into the recreation area and use the facilities provided by the Government as a prerequisite to fulfilling his obligation to his customers (whether the activity involved is merely launching a rented boat on Lake Powell for the customer's personal use or the launching of a guide boat to be piloted by defendant's agents) is sufficient to constitute engaging in business within the recreation area within the meaning of 36 C.F.R. § 5.3. United States v. Gray Line Water Tours of Charleston, 311 F.2d 779 (4th Cir. 1962) (Secretary has jurisdiction to exclude guide service from using government-owned pier in park area); see *id.*

Carter's argument that the Secretary does not have jurisdiction over carriers that sail on navigable waters in the park area would be stronger if he did not carry his boats over federally-owned land in order to launch them from Wahweap Landing on the edge of Lake Powell. In order to avoid the conclusion set forth above, Carter apparently argues by implication that the Secretary does not have the power to regulate commercial activity over park land if the ultimate conclusion of that activity constitutes interstate commerce on a navigable waterway.

Even if such an argument could be used to deprive the Secretary of jurisdiction to control commercial uses on recreation area land, defendant has not shown that Congress intended any other federal department or agency to control commercial uses such as his on navigable waterways within park areas.

■ As previously stated, defendant does not argue that the Secretary does not have jurisdiction to regulate business use as it relates to recreational purpose of both land and water within the park area. It is the defendant's position, however, that he is engaging in interstate commerce since the renting of the boats may involve sailing across the Arizona-Utah state line on the navigable waters of Lake Powell and that Congress did not intend to delegate to the Secretary of the Interior the power to regulate such business uses within the park area. Carter asserts that Congress has chosen to give exclusive jurisdiction over interstate commerce to the Interstate Commerce Commission and to prohibit regulation of interstate commerce by other agencies and departments of the federal government.

This position is without merit since Congress has on numerous occasions delegated jurisdiction to regulate interstate commerce among various federal agencies, e.g., Federal Power Commission v. Southern California Edison Company, 376 U.S. 205, 84 S.Ct. 644, 11 L.Ed.2d 638 (1964) (Federal Power Commis-

sion); Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962) (National Labor Relations Board); United States v. Commodore Park, 324 U.S. 386, 65 S.Ct. 803, 89 L.Ed. 1017 (1945) (War Department); Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420 (1944) (Price Control Board); Federal Trade Commission v. Bunte Bros., Inc., 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881 (1941) (Federal Trade Commission); Perko v. United States, 204 F.2d 446 (8th Cir. 1953) (Secretary of Agriculture and the President).

Defendant then argues essentially that even though the Interstate Commerce Commission specifically excepted regulation of carriers such as defendant's in the Transportation Act of 1940, 49 U.S. C. §§ 901–923 (1940), the Court must preserve this area for possible future regulation by the Interstate Commerce Commission. Defendant cites no legislation or cases in support of his position and the Court was unable to find any.

Since there is apparently no federal legislation that gives jurisdiction to control business operations such as defendant's to other federal agencies, the question then becomes whether Congress intended the Secretary to have jurisdiction over business operations related to recreational development and use of Glen Canyon land and water areas if that business activity involves interstate commerce.

Congress has since the inception of the modern-day park system given the Secretary the general power to construct and maintain recreational facilities in park areas so that they may be preserved for posterity. 16 U.S.C. § 1 (1916). He was also given the power to let contracts to responsible individuals or corporations to provide the services he felt were necessary to carry out that purpose. 16 U.S.C. § 3 (1916); 16 U. S.C. § 17b (1930). The courts interpreted this language to give the Secretary the right to let contracts to concessions and to exclude all other competition from the park area, whether the service provided concerned the land [Robbins v. United States, *supra*] or water [United States v. Gray Line Water Tours of Charleston, *supra*]. Congress gave the same powers to the Secretary in the Colorado River Storage Project Act [43 U.S.C. §§ 620a, 620g (1956)] as he did in the original Natural Park Service Act.

In 1965, 16 U.S.C. §§ 20–20g [4] was enacted in which Congress found "that the preservation of park values requires that such public accommodations, facilities, and services as have to be provided within those areas should be provided only under carefully controlled safeguards against unregulated and indiscriminate use . . . ." 16 U.S.C. § 20 (Supp.1965). Although the Secretary had been given broad powers over all business activity in park areas, Congress for the first time passed comprehensive legislation for the regulation and encouragement of concessioners and provided for guidelines for the strict control of business activities in park areas. A recent case of Universal Interpretive Shuttle Corporation v. Washington Metropolitan Area Transit Commission, *supra*, supports this analysis and held that the Secretary has exclusive control over all business activities which relate to the statutory duty of the Secretary in areas under his supervision even as against a federal agency that his colorable control of the same business activities and even

---

4. 16 U.S.C. § 20a (Supp.1965) reads as follows:

"§ 20a. Authority of Secretary of the Interior to encourage concessioners
Subject to the findings and policy stated in section 20 of this title, the Secretary of the Interior shall take such action as may be appropriate to encourage and enable private persons and corporations (hereinafter referred to as 'concessioners') to provide and operate facilities and services which he deems desirable for the accommodation of visitors in areas administered by the National Park Service."

when those activities involve interstate commerce.

This Court also finds it significant that in 1970 Congress clarified the Secretary's jurisdiction over water areas by amending the definition of "national park system" contained in 16 U.S.C. § 1c (1916) to specifically include water areas within the Secretary's administration. 16 U.S.C. § 1c(a) (Supp.1970), amending 16 U.S.C. § 1c (1953). The 1970 amendment also provides that "the provisions of . . . the various authorities relating to the administration and protection of areas under the administration of the Secretary of the Interior through the National Park Service, including but not limited to the Act of August 25, 1916 (39 Stat. 535), as amended (sections 1, 2 to 4 of this title), . . . [and] (sections 20 to 20g of this title), relating to concessions, . . . *shall*, to the extent such provisions are not in conflict with any such specific provision, *be applicable to all areas* within the national park system . . . ." (emphasis added) 16 U.S.C. § 1c(b) (Supp.1970).

█ Both the statutory and case law cited in this opinion indicate that Congress intended the Secretary to have control over business activities such as defendant's. The management controls given the Secretary over the recreation area and the effectiveness of his power to give contract preference to concessioners in the recreation area would be substantially diminished if an individual were allowed to perform a commercial service in the recreation area merely because the service contract was entered into outside the recreation area.

██ Defendant submits because 43 U.S.C. § 620c states that the administration of the Colorado River Storage Project Act shall be subject to the federal reclamation laws, Congress meant those statutes to be bound by the purposes of the reclamation acts. Carter, however, does not cite any sections of the reclamation acts that are not entirely compatible with 43 U.S.C. § 620g, 36

C.F.R. § 5.3, or with the Secretary's actions against defendant. 43 U.S.C. § 620g specifically directs the Secretary to provide for recreational uses of the land and water areas within the Colorado River Storage Project and 16 U.S.C. § 3 directs the Secretary to publish regulations in furtherance of that objective. Likewise, defendant's argument that the Motorboat Act of 1940, 46 U.S.C. § 526 (1940), gives the Commandant of the Coast Guard jurisdiction over his operations on Lake Powell, is without merit since the Coast Guard's function is limited to the enforcing of minimum safety requirements for all boats. Controlling of business activities wherever they take place in the recreation areas is required for proper supervision. 16 U.S.C. §§ 20–20g (Supp.1965); see Universal Interpretive Shuttle Corporation v. Washington Metropolitan Area Transit Commission, *supra*; Udall v. Washington, Virginia & Maryland Coach Co., *supra*; United States v. Gray Line Water Tours of Charleston, *supra*; Robbins v. United States, *supra*; Arthur v. Fry, *supra*.

█ Defendant next contends that the Secretary exceeded the authority given him by statute in promulgating 36 C.F.R. § 5.3. Such a position, as explained earlier, is contrary to specific statutory authority granted to the Secretary by Congress. 16 U.S.C. § 20 (Supp.1965); 43 U.S.C. § 620g (1956); see United States v. Gray Line Water Tours of Charleston, *supra*; Robbins v. United States, *supra*; cf. Udall v. Washington, Virginia & Maryland Coach Company, *supra*; Arthur v. Fry, *supra*.

Defendant attempts to avoid the application of 36 C.F.R. § 5.3 by asserting that he is not "engaging in or soliciting any business in park areas." He states that because he owns no place of business located within the Glen Canyon National Recreation Area and merely launches boats from the Wahweap site, that he is not doing business within the park area and thus his business activities are not circumscribed by 36 C.F.R § 5.3. He attempts to convince the Court that in interpreting the meaning of en-

gaging or soliciting any business contained in 36 C.F.R. § 5.3, it should attribute to it the same meaning as that given the words "doing business" used in some long-arm jurisdiction statutes.

There is nothing to indicate that the Secretary intended to remove from his regulation substantial business activity that he would otherwise have the statutory right to control. Case law indicates the Secretary did not intend such results. United States v. Gray Line Water Tours of Charleston, *supra*; Robbins v. United States, *supra*.

■ The third issue presented by defendant concerns his contention that 36 C.F.R. § 5.3 exempts his business activities in the recreation area from regulation.

36 C.F.R. § 5.3 prohibits any person from "engaging in or soliciting any business in park areas, except in accordance with the provisions of a permit, contract or other written agreement with the United States except as such [activity] may be specifically authorized under *special regulations* applicable to a park area." (Emphasis added.) Defendant asserts § 3.14 and § 3.11 are special regulations and should be applied. 36 C.F.R. § 1.1 provides, however, that "the regulations contained in Part 7 of the chapter are special regulations prescribed for specific areas . . .." § 3.14 and § 3.11 are contained in Part 3 and are not "special regulations" within the definitional framework of the regulatory scheme. Nowhere in Part 7 of Title 36 of the Code of Federal Regulations is there a "special regulation" applicable to the Glen Canyon National Recreation Area which removes the restriction set forth in 36 C.F.R. § 5.3 and § 3.14(d).

The fourth issue presented by defendant concerns, in essence, the claim that the Director of the recreation area acted arbitrarily when he denied defendant's request to be issued a permit to engage in business in the park.

■ In 16 U.S.C. § 20 (Supp.1965), the Secretary is required to administer the national park system in a manner to insure the public enjoyment and to preserve its beauty and enjoyment to future generations. In furtherance of that goal, the Secretary is directed to encourage concessioners to provide facilities and services for the public in park areas. These sections acknowledge the need that all business activities in the park areas be carefully controlled and give the Secretary the right to vest in single concessioners the right to provide all services within any given park unit. Universal Interpretive Shuttle Corp. v. Washington Metropolitan Area Transit, *supra*; United States v. Gray Line Water Tours of Charleston, *supra*; Robbins v. United States, *supra*.

In denying defendant's request for a permit to carry on business in the recreation area, the park superintendent stated that the present concessioner was reasonably supplying the type of service offered by defendant and that he felt the issuance of such a permit would "constitute a hazard to the concessioner." Defendant does not attempt to controvert the superintendent's statements but only states that the Government's contract with Canyon Tours, Inc., covers a limited area and that he would not interfere with Canyon Tours' contract. However, even if the superintendent's decision to deny the request for a permit to carry on business in the park area is reviewable by this Court at this time, defendant has not sustained his burden of showing the arbitrariness of the superintendent's actions. Udall v. Washington, Virginia & Maryland Coach Company, *supra*; United States v. Gray Line Water Tours of Charleston, *supra*.

■ Injunctive relief is appropriate. Universal Interpretive Shuttle Corporation v. Washington Metropolitan Area Transit Commission, *supra*; Light v. United States, 220 U.S. 523, 31 S.Ct. 485, 55 L.Ed. 570 (1911); In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); Udall v. Washington, Virginia & Maryland Coach Company, Inc., *supra*; Hunter v. United States, 388 F.2d 148 (9th Cir. 1967); United States v.

Gray Line Water Tours of Charleston, *supra*; Perko v. United States, *supra*; Robbins v. United States, *supra*. Accordingly,

It is ordered that defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted. The defendant, his agents, servants and employees, and all persons acting in concert with him, are hereby enjoined from providing to the public any service which is to be done, performed or accomplished over or on any land or water areas included within the boundaries of the Glen Canyon National Recreation Area without the prior authorization of the National Park Service. The activities so enjoined specifically include the boat hauling and launching service and the guide and boat pilot service complained of, but the injunction does not prohibit the mere renting and delivery of boats to the public at defendant's place of business in Page, Arizona, regardless of where the renter of the boat himself may take and use the rented boat thereafter.