John C. CLARK, III, and Christopher T. Clark, minors, through their next friend, Gayla J. Bacon, Plaintiffs,

v.

John STETSON, Secretary of the Air Force, and John C. Clark, a Florida resident, Defendants.

No. 78–251–Civ–T–R.

United States District Court, M. D. Florida, Tampa Division.

Jan. 17, 1979.

Robert W. Pass and Keith F. Roberts, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. and John W. McWhirter, Jr., Tampa, Fla., for plaintiffs.

Judy S. Rice, Asst. U. S. Atty., Tampa, Fla., for defendant Stetson.

Joseph G. Thresher, of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, Fla., for defendant Clark.

## MEMORANDUM OF DECISION

REED, District Judge.

The Defendants have each moved to dismiss the complaint filed herein urging that the court lacks subject matter jurisdiction.

The facts taken from the complaint are as follows. The Plaintiffs John C. Clark, III, and Christopher T. Clark, as well as their mother and next friend, Gayla J. Bacon, are residents of Lake Wales, Florida. The Defendant John C. Clark is a resident of Lake Wales, Florida, and the Defendant John Stetson, who is sued in his official capacity, is a resident of Washington, D.C.

On 15 February 1968, John C. Clark, II executed a will which bequeathed all of his property to his wife Gayla if she survived him and, if she did not, to his children. On 7 November 1969, John C. Clark, II executed Form 246 provided by the Secretary of the Air Force, by which he designated his father, Defendant John C. Clark, as the beneficiary of his payroll account, in the event that he, John C. Clark, II, should be killed in action.

On 8 December 1969, John C. Clark, II was declared missing in action. His payroll account now has approximately $150,000.00 in accumulated salary. Defendant John C. Clark, the father of the serviceman, claims the right to the entire balance of the payroll account and Defendant John Stetson, unless enjoined, will pay the funds in the payroll account to Defendant John C. Clark under the provisions of 10 U.S.C. § 2771.

The relief sought in Count 1 is a declaratory judgment as to the rights of the parties, and the relief sought in Count 2 is an injunction. Counts 3 and 4 are pendent claims which assert that the funds in the payroll account should be subject to a constructive trust in favor of the children.

The Defendants make various arguments with respect to the sufficiency of the complaint; however, since subject matter jurisdiction is always the primary concern of the court, this issue is the only issue which needs discussion inasmuch as the court has resolved it in favor of the Defendants' position.

■ The Plaintiffs predicate jurisdiction on 28 U.S.C. § 1331(a) which involves actions arising under the laws or Constitution of the United States. A suit which substantially involves a dispute respecting the validity, construction or effect of a law of the United States does arise under the laws of the United States for purposes of that statute. See *Commercial Metals Co. v. Balfour, Guthrie & Co., Ltd.,* CA5, 1978, 577 F.2d 264. This action, therefore, involves a federal question because it concerns a dispute as to the right of Defendant Stetson to pay out funds under and in accordance with the provisions of 10 U.S.C. § 2771. Nevertheless, 28 U.S.C. § 1331 does not waive the government's defense of sovereign immunity. See *Beale v. Blount,* CA5, 1972, 461 F.2d 1133, 1138.

■ This action is against John Stetson in his official capacity and seeks to interfere in his administration of a federal statute. The action, for that reason, is against the sovereign to the extent that it involves a claim against John Stetson and is subject to the sovereign immunity defense. *Gardner v. Harris,* CA5, 1968, 391 F.2d 885, and *Dugan v. Rank,* 1963, 372 U.S. 609, 620, 621, 83 S.Ct. 999, 10 L.Ed.2d 15.

■ Suits against the sovereign cannot be maintained without express statutory consent, *Hart v. United States,* CA5, 1978, 585 F.2d 1280, except in two instances. One is the situation in which actions by officers of the United States are beyond their statutory authority. The other is the situation wherein those actions, although within the scope of the officers' statutory authority, are predicated upon an unconstitutional enactment. See *Gardner v. Harris,* and *Dugan v. Rank, supra.*

The complaint in Counts 1 and 2 alleges as mentioned above that Defendant Stetson, if not enjoined, will pay out the account of John C. Clark, II, upon his being declared killed in action, to the beneficiary designated under the provisions of 10 U.S.C. § 2771. This allegation expressly indicates that the Secretary is proposing to act within the scope of his authority.

■ The second branch of the Plaintiffs' argument is somewhat difficult to follow, but it apparently is that 10 U.S.C. § 2771 is unconstitutional if it means that Defendant John C. Clark is entitled to the ownership of the funds in the payroll account, the Plaintiffs' contention being that the statute thus construed would be a federal statute of descent and distribution which violates the Tenth Amendment.

The statute on its face manifests a twofold purpose. One is to create a simple method by which the military department in question can safely dispose of accrued funds of the deceased serviceman. The other is to afford the serviceman himself a method of passing rights of ownership in said funds to a designated beneficiary. This is the manifest intent of the statute. In the face of such clear wording, a resort to legislative history is totally unnecessary.

As thus construed, the statute is a limitation on the property right of the serviceman in his accrued pay account. In other words, by virtue of the serviceman's status as a member of the military, his interest in accrued salary is limited. That limitation precludes the passage of the property interest into the estate of the serviceman, except as provided in subsections (a)(5) and (6) of Section 2771.

There is no logical reason why the federal government cannot limit in this manner the right of members of the Armed Forces to their salary. Such a limitation is both necessary and reasonable in light of the peculiar relationship between the serviceman and his government. Such a regulation does not interfere with the operation of state laws of descent and distribution for the simple reason that those laws act upon property subject to passage thereunder,

whereas the property interest in question in the present litigation, by limitation of federal law, never becomes subject to passage under state laws of descent and distribution, except as noted above.

■ For the foregoing reasons, it would appear to this court that 10 U.S.C. § 2771 is not unconstitutional. The defense of sovereign immunity, therefore, applies to the claim by the Plaintiffs against Defendant John Stetson and compels the conclusion that this court lacks subject matter jurisdiction over that claim. Inasmuch as the court lacks subject matter jurisdiction over the claim against Defendant Stetson, it follows that the court does not have pendent jurisdiction over the claim against Defendant John C. Clark. Diversity does not appear to exist in the present case, and there does not appear to be any other basis for jurisdiction over the claims against John C. Clark.

For the foregoing reasons, the court concludes that the Motions to Dismiss should be granted. Plaintiffs' most recent brief suggests that Plaintiffs be given an opportunity to amend their complaint; however, it fails to set forth any indication as to how Plaintiffs could amend in order to bring a claim within the subject matter jurisdiction of the court. The brief of the Plaintiffs suggests that the Plaintiffs wish to contest the validity of the designation by John C. Clark, II. This determination is committed, at least implicitly, by 10 U.S.C. § 2771 to the military department concerned. Whether or not that decision, once made, is subject to judicial review is not at issue here.

For the foregoing reasons, it would appear inappropriate for the court to grant leave to amend. It should be noted, however, by way of caveat that the decision of this court to grant the Motions to Dismiss adjudicates nothing except that the court lacks subject matter jurisdiction based on the allegations in the complaint. This court makes no finding or conclusion with respect to any rights which may have accrued to the Plaintiffs under the laws of any state dealing with constructive trusts.