STATE of Colorado, DEPARTMENT OF NATURAL RESOURCES, By and Through the DIVISION OF PARKS AND OUTDOOR RECREATION and the Colorado State Board of Parks and Outdoor Recreation, Plaintiff-Appellee,

v.

CLARK GENERAL STORE, INC., d/b/a Steamboat Lake Marina and Jack B. Kaufman, individually and doing business as Clark General Store, Inc., and Steamboat Lake Marina, Defendants-Appellants.

No. 82CA0544.

Colorado Court of Appeals, Div. I.

Jan. 6, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Ratcliffe & Chamberlin, James B.F. Oliphant, Steamboat Springs, for defendants-appellants.

COYTE, Judge.

Defendants, Clark General Store and Jack B. Kaufman, appeal the judgment of the trial court granting plaintiff's request for a preliminary injunction. We affirm.

Between 1977 and 1979 the State of Colorado through the Division of Parks and Outdoor Recreation of the Department of Natural Resources, granted a permit to defendant Kaufman, d/b/a Clark General Store, Inc., and Steamboat Lake Marina, to provide marina services at Steamboat Lake State Park (State Park) in Routt County, Colorado. In June of 1980, the contract to provide marina services was awarded to a third party. Thereafter defendant Kaufman continued to engage in the business of renting boats for use on the lake. As part of his rental business, defendant would tow and launch the rental boats at the marina on the lake for his customers, or the customer would do so himself. The price of the boat rental was the same either way. Kaufman claimed that the cost of towing and launching was not factored into the price he charged. A sign in front of Kaufman's place of business read as follow: "Use your trailer hitch or use our attachable hitch. We tow and launch quickly. Either, same price." Kaufman refused to discontinue the towing and launching of rental boats from the marina despite repeated requests by plaintiff. Although, at all times Kaufman's commercial establishment was located on private land outside the boundaries of the State Park, the evidence established that he intended to continue his activities of towing and launching rental boats within the State Park boundaries.

Plaintiff filed a complaint seeking both a preliminary and permanent injunction to prohibit Kaufman's activities within the park boundary on the grounds that he had not been issued a permit as required by a Department of Natural Resources' regulation. The trial court granted plaintiff's request for the preliminary injunction ordering that defendant be enjoined from providing to the public any service which is to be done, performed, or accomplished over or on any land or water areas included in the State Park without prior written permission of the Board of Parks and Outdoor Recreation (Board) including but not necessarily limited to the hauling and launching of boats within the park boundaries in connection with the conduct of commercial rental operation.

■ Defendants first contend on appeal that the trial court erred in denying their motion to dismiss on the grounds that the regulation was void *ab initio.* The State regulation in question provides that it shall be unlawful "to use parks and outdoor recreation land for a commercial purpose without first obtaining written permission from the Board." 2 Code Colo.Reg. 405–100(b)(14).

This regulation was originally adopted in 1974 as 2 Code Colo.Reg. 405–100(a)(15). On October 27, 1977, the regulation was renumbered and given its present number without any change as to its substantive provisions. Defendants established that the renumbered regulation was submitted to the legislative drafting office on November 7, 1977, and that it was not accompanied by a fiscal impact statement. Defendants argue that this lack of a fiscal impact statement renders the regulation void *ab initio* because it fails to comply with the requirements of the State Administrative Procedure Act, § 24–4–101 et seq., C.R.S.1973 (1982 Repl.Vol. 10). We disagree.

Section 24–4–103(8)(d), C.R.S.1973 (1982 Repl.Vol. 10) requires that after July 1, 1976, all state agencies must submit all new or amended regulations to the legislative drafting office for review and if the regulation in question has a fiscal impact on the state, the agency shall submit a fiscal impact statement at that time. Furthermore, any regulation or amendment which requires a fiscal impact statement shall not be deemed to be submitted until such time as the fiscal impact statement is filed.

In our view, a simple renumbering of a regulation does not constitute an amendment such as would require a fiscal impact statement under this statute. A reasonable reading of the statute leads to the conclusion that the fiscal impact statement requirement relates to the substance of new

or amended regulations and not to their form. If the amendment is one of substance which has fiscal implications, then the fiscal impact statement is required. Conversely, if the change is not substantive and does not affect the fiscal impact of the regulation as it is written, then no fiscal impact statement is required. Here, the change in numerical designation did not amend the substance of the regulation, nor did it have a fiscal impact in itself. Thus, no fiscal impact statement was required.

The recent case of *Citizens for Free Enterprise v. Department of Revenue,* 649 P.2d 1054 (Colo.1982) supports this conclusion. In that case, the Supreme Court stated that the purpose of the fiscal impact statement requirement is to facilitate the review of new and amended regulations by the General Assembly and its committee on legal services and to make certain that the fiscal implications of administrative regulations are considered. The court pointed out that in view of this purpose of the statute, the role of courts in reviewing both the necessity for a fiscal impact statement and the sufficiency of such statement is a very limited one. Courts should presume that a statement or the absence of a statement is within the purpose of the statute, especially where there is no objection by the General Assembly or its committee on legal services. Where a department could reasonably conclude that a new or amended regulation would not create a significant fiscal impact, that decision will be upheld unless it is clearly erroneous.

In this case, it would not be clearly erroneous for the department to conclude that the mere renumbering of the regulation would not create a significant fiscal impact and that it therefore did not require a fiscal impact statement.

■ Defendants next contend that the trial court erred in finding that their activities within the park boundaries constituted commercial activity. Their argument centers upon the fact that they did not charge for the service of towing and launching rental boats and that the cost of such service was not factored into the basic rental price. Defendants contend that their activities under the circumstances of this case do not constitute using parks and outdoor recreation lands for a "commercial purpose." We disagree.

The question of what constitutes commercial activity for the purpose of the regulation at issue here appears to be a question of first impression. However, the issue has been addressed in several federal court cases in dealing with the regulation of commercial activity in the national parks and forest systems. We find these cases to be instructive and persuasive.

In *U.S. v. Carter,* 339 F.Supp. 1394 (D.Ariz.1972), defendant Carter rented boats in the town of Page, Arizona, which was outside the boundaries of the Glen Canyon National Recreational Area. As part of his business of renting boats, Carter provided the service of launching them at Wahweap Landing on Lake Powell which was within the recreational area. Federal regulations prohibited "engaging in or soliciting any business in park areas, except in accordance with provisions of a permit, contract, or other written agreement with the United States ..." 36 C.F.R. § 5.3. Defendant Carter did not have such a permit or agreement allowing him to launch rental boats from the Wahweap Landing. The government sought to enjoin his business operations within the park including his service of launching boats.

The court granted the requested injunction. It noted that in order for Carter to perform his service of launching rental boats which he made available to the public, he always had to cross government-owned recreation areas. Thus, use of recreation areas subject to the federal regulation in question was an integral and indispensable part of his commercial activity. But for the availability of a boat launch, he would probably not engage in the commercial activity of renting boats, the next nearest launch

site being 50 miles away and also within the recreational area. The fact that defendant had to enter into a recreational area and use facilities provided by the government as a prerequisite to providing his services to his customers was deemed by the court to be sufficient to constitute engaging in business within a recreational area within the meaning of the regulation.

In *U.S. v. Richard*, 636 F.2d 236 (8th Cir.1980), defendant Richard was criminally charged with conducting a business enterprise in a national forest system without first obtaining a permit to do so. He operated a recreational campground on private land located near the Mark Twain National Forest. As part of that business he rented canoes for use at Eleven Point River which was within the boundaries of the forest. A sign outside his place of business stated that the canoe rental fee was $15.00 "if you haul or I haul." Defendant did not have a permit to operate a canoe outfitting business on the river as required by federal regulations. Defendant claimed that there was no charge for hauling the canoes that he rented.

The court rejected Richard's argument that (1) since his business was located on private property he was not conducting business on government property; (2) since he did not charge a fee for hauling the canoes his business did not involve commercial activity on government owned property, and (3) because the forest service roads and boat ramps were open to the public, he was entitled to use them regardless of whether he was doing so in the course of a business. The court approved and quoted from the opinion of the Magistrate in the case as follows:

"If an interpretation of the regulation were to be as restrictive as the defendant urges, the entire purpose of the regulation would be defeated. An individual could bypass all the requirements that are part of the special use permit simply by storing his canoes outside the Forest Service boundaries and hauling them onto the Forest Service land after the negotiations have been completed. In addition, the Congressional intent evidenced in the statutory schemes discussed earlier, that is, allowing the Secretary to control the occupancy and use of this land, would be substantially diminished, if not defeated."

We find the reasoning and logic of these cases persuasive, and accordingly, we reach a similar result in interpreting the application of the state regulation ·here at issue. Under the circumstances of this case, defendants' activities of towing and launching boats at the marina within the State Park constituted a commercial activity for the purpose of the regulation in question. Therefore, the trial court was correct in issuing the preliminary injunction.

Defendants' final contention is that plaintiff failed to offer any evidence with regard to what would constitute commercial activity and therefore there was insufficient evidence to support the court's finding that defendants were engaged in commercial activity within the State Park. However, plaintiff was not required to establish by proof the definition of commercial activity. Here, the state met its burden of showing that defendants had engaged in the activity of hauling and launching boats on State Park property. Whether that activity was commercial activity within the meaning of the regulation was a legal question and not a question of fact to be established by plaintiff.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.