The Honorable Randy Laverty State Representative P.O. Box 303 Jasper, Arkansas 72641
Dear Representative Laverty:
This is in response to your request for an opinion on a follow-up question arising in light of the issuance of Op. Att'y. Gen. 95-189. That opinion addressed questions relating to the regulation, by the National Park Service, of county roads lying within the boundaries of the "Buffalo River National Park." You note that although it was concluded in Op. Att'y. Gen. 95-189 that the federal government does not automatically obtain county road easements when it purchases land for the Buffalo River National Park, this office did conclude, in issuing a previous opinion (Op. Att'y Gen. 94-400), that the federal government does obtain the right to "regulate traffic" on county roads within the park area despite the lack of any easement or ownership interest in the roads. You have posed a question relative to this conclusion, as follows:
 What, specifically, is your definition of `regulate traffic?' Does the federal government have the authority to close the county roads? Does the federal government have the authority to require permits to travel on the county roads? Does the federal government have the authority to regulate the users of the county roads?
I cannot, in response to your first question, set out one broad definition defining the National Park Service's authority to "regulate traffic" within the Park. This question will have to be analyzed in light of a specific regulation, on a case-by-case basis, as has been done in the federal case law covering this subject matter. As previously noted in Opinion 94-400, that case law indicates, at least in response to the third and fourth questions you have posed above, that the National Park Service does have the authority to require permits to travel on county roads, and does have the authority to regulate the types of users authorized to travel on such roads. See, e.g., Wilkenson v. Dept. of Interior,634 F. Supp. 1265 (D. Colo. 1986); and Arthur v. Fry, 300 F. Supp. 622 (E.D. Tenn. 1969), and 36 C.F.R. § 4.11.
With respect to your second question, concerning whether the National Park Service has the authority to close county roads, I have found no particular federal case addressing this point. It has been stated, however, that the power of the Secretary of the Interior to makes rules and regulations governing the Park is "very broad." See Wilkenson,supra. In my opinion the power of the National Park Service to close a county road under federal law or regulations would have to be determined by a court with reference to the particular law or regulation at issue and all the facts and circumstances surrounding the particular road in question.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh