**UNITED STATES of America, Appellee,**

v.

**HELLS CANYON GUIDE SERVICE, INC., an Oregon Corporation, and Forest O. Garrigus, Jr., individually, Appellants.**

No. 80–3095.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 1981.

Decided Nov. 2, 1981.

Roger J. Leo, Parks, Montague, Allen & Greif, Portland, Or., for appellants.

Robert D. Clark, Washington, D. C. (argued), for appellee; Sidney I. Lezak, U. S. Atty., Thomas C. Lee, Asst. U. S. Atty., Portland, Or., Dirk D. Snel, Washington, D. C., on brief.

Before KILKENNY, SCHROEDER and NELSON, Circuit Judges.

KILKENNY, Circuit Judge:

The factual background surrounding this controversy is relatively simple and is not disputed.

On August 11, 1975, appellant Forest O. Garrigus, Jr. purchased the Hells Canyon Guide Service. This Service was involved in commercial boating operations on the Snake River in the vicinity of the Hells Canyon National Recreation Area.

In 1973, the Forest Service had instituted a moratorium on the issuance of commercial "float" boat [1] permits for the Snake River. In February of 1976, Garrigus filed an application for a permit authorizing float boat trips on the Snake River during the 1976 season. This application was denied by the Forest Service on the grounds that the 1973 moratorium on new float boat permits was still in effect. In March of 1976, the Forest Service did issue a permit to Garrigus which enabled him to conduct "jet" boat trips on the Snake River until December 31, 1976.

On April 29, 1976, a letter was sent to Garrigus by the Forest Service informing him of his violation of the terms of his jet boat permit. Specifically, Garrigus was charged with violating clause 32 of the permit by circulating brochures advertising services that were beyond those authorized by his permit. Although the permit authorized only jet boat activities, the brochures additionally advertised both float boat and big game hunting guide trips. This breach was grounds for revocation under the terms of the permit. The Forest Service, however, advised Garrigus that he would not be issued a new permit for 1977 because of this violation.

Garrigus applied for three permits (float boat, jet boat, and big game hunting) in December of 1976. All of these applications were denied by the Forest Service. Garrigus pursued an administrative appeal of these denials, and the decisions were affirmed.

36 C.F.R. § 261.10(c) prohibits conducting any business activity within a National Forest or within the boundaries of a component of the National Wild and Scenic Rivers System unless authorized by federal law, regulation, or permit. In addition, on July 25, 1978, the Forest Service published regulations which, when implemented by specific order, prohibit entering or being on lands or waters within the boundaries of a component of the National Wild and Scenic Rivers System. 36 C.F.R. § 261.58(z). On May 22, 1979, pursuant to these regulations, Forest Order 3 was issued jointly by the Forest Supervisors of the Payette, Nez Perce, and Wallowa-Whitman National Forests, prohibiting:

"Entering or being on the waters in any rivercraft, amphibious craft, or any other craft, motorized or non-motorized, without a permit."

Garrigus, through his business, Hells Canyon Guide Service, Inc., conducted commercial float boat activities during 1976, 1977, and 1978 without a permit. He also conducted jet boat operations without a permit from 1977 to mid-1979. In July of 1979, the appellee was granted a temporary restraining order compelling Garrigus to cease operating boat services on the Snake River without a permit. A permanent injunc-

---

1. At oral argument, counsel for the appellants informed the court that a "float" boat is a rivercraft without a motor. This is to be con- trasted with a "jet" boat which is a motorized rivercraft.

tion[2] was issued in November of 1979. Appellants appeal from the granting of this injunction.

## ISSUE

Appellants argue that the permit system administered by the Forest Service is invalid and, therefore, the issuance of a permanent injunction based upon their failure to comply with the system was improper. Consequently, the dispositive issue on this appeal is whether the institution of this permit system was a valid exercise of the power of the Secretary of Agriculture to regulate the area and activities in question.

## DISCUSSION

■ The power of the federal government to regulate the area and activities in question is not in dispute. · *United States v. Lindsey*, 595 F.2d 5 (C.A.9 1979). Rather, the appellants claim that this power has not been properly exercised.

The Hells Canyon National Recreation Area (Hells Canyon) was established in 1975 in order to preserve the area's natural beauty and historical and archeological values as well as to enhance the recreational and ecological values and public enjoyment of the area. 16 U.S.C. § 460gg(a). This area was placed under the direct supervision of the Secretary of Agriculture (the Secretary), who was given the following direction:

"§ 460gg–7. *Rules and regulations*

The Secretary *shall* promulgate, and may amend, such rules and regulations as he deems necessary to accomplish the purposes of sections 460gg to 460gg–13 of this title. . . ." [Emphasis added]

Appellants argue that the use of the word "shall" places an affirmative duty upon the Secretary to promulgate regulations pursuant to this specific direction before he would have the ability to do anything which would tend to limit the use and occupancy of Hells Canyon. Put another way, appellants would have us hold that 16 U.S.C. § 460gg–7 strips the Secretary, in his dealings with Hells Canyon, of his general regulatory authority over the national forests and waterways, leaving him without power to act until he promulgates new regulations.

Assuming this to be true, the remainder of appellants' argument can be phrased as an extended syllogism. The permit system administered by the Forest Service cites the 1897 Organic Act, 16 U.S.C. § 551, as assimilated by the Wild and Scenic Rivers Act, 16 U.S.C. § 1281(d), as the authority for its promulgation. The permit system is not administered pursuant to a regulation promulgated under 16 U.S.C. § 460gg–7. Therefore, the permit system is invalid and without effect since it is an attempt to regulate Hells Canyon without first complying with a necessary precondition to such regulation. We do not agree.

■ The regulation of the use and occupancy of national parks, forests and waterways is a matter of great national importance. The strong national policy regarding the conservation of this country's natural resources dictates that we must view this legislation from a broad rather than a narrow perspective. When a statute is part of an organic whole, the statute should be viewed in context with the whole of which it is a part. *United States v. California Portland Cement Co.*, 413 F.2d 161, 166 (CA9 1969).

16 U.S.C. § 551 gives the Secretary of Agriculture the authority to regulate the use and occupancy of the national forests. This authority is assimilated into 16 U.S.C. § 1281(d), giving the Secretary the authority to regulate the use and occupancy of components of the Wild and Scenic Rivers System. The portion of the Snake River involved in this dispute is a component of this System. 16 U.S.C. § 1274(a)(12). Section 1281(a) of the Wild and Scenic Rivers

---

**2.** The permanent injunction also orders the appellants to remove certain structures and advertising materials from the area in which they conducted their business since their presence is in violation of other Forest Service regulations. The discussion that follows applies equally to these elements of the injunction.

System Act illustrates the recurring motivation of Congress by giving the Secretary a clear instruction regarding the administration of his regulatory power:

"[P]rimary emphasis shall be given to protecting [the component's] esthetic, scenic, historic, archeologic, and scientific features."

This emphasis on *protection* permeates these regulatory schemes, and Hells Canyon is no exception. 16 U.S.C. § 460gg(a).

Appellants' argument would necessarily run contrary to the well expressed intention of Congress to protect the Hells Canyon National Recreation Area, as well as national forests, parks and waterways in general. It would require the Secretary to take an additional, in fact, a redundant, affirmative step before he would be able to take *any* action to protect an area placed under his direct supervision.

■ We are convinced that in enacting 16 U.S.C. § 460gg–7, Congress did not intend to strip the Secretary of his other regulatory powers. When statutes are capable of co-existence, it is the duty of courts, absent a clearly expressed Congressional intention to the contrary, to regard each as effective. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976); *SDC Development Corp. v. Mathews*, 542 F.2d 1116, 1120 (CA9 1976). The authority granted the Secretary under the Hells Canyon National Recreation Area Act was intended by Congress to be cumulative, not independent and exclusive. We, therefore, find that the authority conferred upon the Secretary by 16 U.S.C. § 551 and 16 U.S.C. § 1281(d) is more than sufficient to validate the use of a permit system by the Forest Service to regulate the activities that form the basis of this controversy. Appellants were clearly in violation of this permit system, and thus, the granting of a permanent injunction against appellants' commercial boating operations was proper.

■ Appellants also complain about the administration of the permit system by the Forest Service. The interpretation of an administrative regulation by the agency or officers charged with its administration is to be given controlling weight unless it is plainly erroneous or inconsistent with the regulation. *United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977); *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *Ventura-Escamilla v. I.N.S.*, 647 F.2d 28, 32 (CA9 1981). We find that the administration of the permit system by the Forest Service is neither.

AFFIRMED.