# UNITED STATES of America, Plaintiff,

v.

## Brian A. PETERSON, Defendant.

### No. 95–1374M.

United States District Court,
D. Colorado.

July 24, 1995.

Brian A. Peterson, defendant, pro se.

Martha Paluch, Assistant United States Attorney, Denver, CO, for plaintiff.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge

THIS MATTER came before the Court for trial on June 28, 1995. Plaintiff was represented by Martha Paluch, Assistant United States Attorney, and Defendant appeared *pro se.* Plaintiff presented the following witnesses: Ranger Cindy Gradin; Ranger Laura Towner; and Ranger Lenora Arevalos. Plaintiff's exhibits A, B, and C were admitted into evidence. Defendant did not present any witnesses or exhibits. The case was taken under advisement after closing arguments by counsel and Defendant.

### I.

The evidence presented established the following. Ranger Gradin, an employee of the United States Forest Service (USFS), was on routine patrol on November 12, 1994 in the Roosevelt National Forest. This forest covers a large portion of the mountainous area of northern Colorado.

Ranger Gradin was patrolling in an area of the forest located in Larimer County. She came upon a group of hunters who were on horseback in the forest. She talked with them and became concerned that a violation of applicable regulations may have occurred. Based upon the statements made to her, she began a further investigation.

Ranger Gradin then had contact with Ranger Towner, another employee of the USFS. Based upon the statements made by the hunters, Ranger Gradin asked Ranger Towner if Defendant had a permit to do outfitting work on USFS land in the forest. Ranger Towner advised that Defendant did not have a permit for USFS land located in that part of the forest. Ranger Towner knew Defendant and had had contact with him in the past. Defendant was known to be a professional outfitter with OP Outfitters in Laramie, Wyoming. Later Ranger Gradin saw Defendant in a truck pulling a horse trailer.

Ranger Towner testified that she was also on routine patrol. She was contacted and asked about the status of Defendant's permit to conduct outfitting or other commercial ventures on USFS land. In turn, she contacted Ranger Arevalos. Once it was determined that Defendant did not have a permit, the rangers headed toward Bull Mountain to conduct a further investigation.

Ranger Towner testified that she located the camp site where horses had been kept. That camp site was on USFS land. She then saw Defendant driving with his truck and horse trailer. There were horses in the trailer at that time. Ranger Towner acknowledged on cross-examination that Bull Mountain is a large area and not all of it is under USFS control. She also testified that she had found evidence that horses had been tied at the camp site which she had located.

Ranger Arevalos, a law enforcement agent for the USFS, testified that she had gone to the camp site. She did not know Defendant personally, but was aware that OP Outfitters did not have a permit to carry on commercial work in the Bull Mountain area of the Roosevelt National Forest.

Ranger Arevalos did contact Defendant who had arrived at a location near the camp site. Defendant admitted that he had trailered horses up to the location where the camp site was. He acknowledged that he was not permitted for this specific forest. He told Ranger Arevalos that he did not believe that he needed a permit as he was just like "Hertz rent-a-car." Ranger Arevalos testified that delivery of goods on USFS land requires a permit.

On cross-examination, Ranger Arevalos testified that having horses on USFS land is not illegal. She also indicated that Defendant had stated that he had provided hay for the horses. On re-cross, Ranger Arevalos testified that none of three rangers had actually seen Defendant take the horses onto USFS property. The camp and location where Ranger Arevalos contacted Defendant were on USFS property.

Defendant received a violation notice from Ranger Arevalos. This violation notice was later superseded by an information filed by Plaintiff.

## II.

Defendant was charged with a violation of 36 C.F.R. § 261.10(c). This regulation was promulgated pursuant to 16 U.S.C. § 551. The regulation reads as follows:

The following are prohibited:

(c) Selling or offering for sale any merchandise or conducting any kind of work activity or service unless authorized by Federal law, regulation, or special-use authorization.

The prosecution maintains that Defendant violated this regulation on November 12, 1994.

Defendant argued at trial that he had not violated the regulation because he had not provided outfitter services. He merely brought in horses for a group that was then leading itself. Defendant also argued that no evidence was presented that he had carried on any prohibited activity on USFS land.

The regulation in question, 36 CFR § 261.10(c) (regulation), has been examined by other courts in the past. In *United States v. Richard*, 636 F.2d 236 (8th Cir. 1980), *cert. denied* 450 U.S. 1033, 101 S.Ct. 1745, 68 L.Ed.2d 228 (1981), a canoe outfitter argued that he had not violated the regulation by simply hauling boats and launching them at USFS boat ramps. The canoe outfitter's argument was that he was not paid for guiding or conducting business on USFS property. He had been paid for the rental of the canoes on his own property and was taking the canoes to the boat ramp for no extra charge.[1]

In *United States v. Richard*, the defendant had been found guilty at a trial before a magistrate judge. An appeal was taken, and a district judge reversed the conviction. The prosecution then appealed to the Eighth Circuit which reversed the district court and reinstated the conviction. The court held that hauling the canoes to a boat ramp was

---

1. A similar argument of a boat operator was rejected under a comparable state regulation. *State of Colorado v. Clark General Store, Inc.*, 658 P.2d 1385 (Colo.App.1983).

conducting a work activity in violation of the regulation.

A general attack on the concept of permits was rejected in *United States v. Hells Canyon Guide Service, Inc.*, 660 F.2d 735 (9th Cir.1981). The regulation was used by USFS officials to limit the number of boats on the Snake River. The government sought and received an injunction against an outfitter who continued to operate in violation of the regulation after he had been denied a permit. The district court granted a permanent injunction, and the Ninth Circuit affirmed. The appellate court found that Congress had given to the Secretary of Agriculture the power to control USFS lands through regulation. *See also, Free Enterprise Canoe Renters Ass'n of Missouri v. Watt,* 711 F.2d 852 (8th Cir.1983).

In the present case, the evidence established that Defendant was involved in the hauling of horses and hay onto USFS property. The direct observations of the prosecution witnesses are bolstered by Defendant's own statements and the circumstantial evidence presented during the trial.

Defendant argued that no evidence was presented that money had been given to him for his work. The regulation bars "any kind of work activity or service ..." It is not material that no evidence was available to show payment for hauling of the horses or providing of the hay. Defendant was carrying on a work activity and service in violation of the regulation.

Defendant further argued that he never conducted any activity on USFS land. This Court finds as a matter of fact that Defendant did transport the horses onto USFS land and did transport hay onto USFS land. Defendant may not have been conducting any traditional guide or outfitter services, but he was carrying on a work activity and service. This case is analogous to the facts and holding in *United States v. Richard, supra.* Defendant actually travelled onto USFS property as part of his work activity and service.

The prosecution has established beyond a reasonable doubt that Defendant is guilty of a violation of 36 C.F.R. § 261.10(c). The evidence is clear that Defendant was conducting a work activity or service in the Bull Mountain area of the Roosevelt National Forest on November 12, 1994.

### III.

Defendant was issued a violation notice with a collateral forfeiture amount. Defendant will not be penalized for exercising his right to contest this charge.

This case will be set for sentencing on August 9, 1995 at 1:30 p.m. Defendant may appear at that time to argue for a reduction in the collateral forfeiture amount of $250.00. Defendant also may choose not to appear. The Court then will enter a fine of $250.00, plus a special assessment fee at that time. Plaintiff will be given a stay of execution until September 30, 1995 in which to pay the fine and special assessment.

The time for appeal will commence to run on August 9, 1995. A copy of Fed.R.Crim.P. 58 will be forwarded to Defendant by the Clerk with a copy of this Memorandum Opinion and Order.

IT IS HEREBY ORDERED that a finding of guilty as to a violation of 36 C.F.R. § 261.10(c) is entered against Defendant Brian A. Peterson; and

IT IS FURTHER ORDERED that Defendant may appear for sentencing on August 9, 1995 at 1:30 p.m. or may allow entry of the collateral forfeiture amount of $250.00 as the fine at that time, as well as the special assessment; and

IT IS FURTHER ORDERED that the final judgment will not be entered until August 9, 1995, with the time for appeal commencing on that date.